Plaintiffs alleged they were the owners of a truck used in hauling logs and that on October 27, 1939, their employee, the driver of said truck, was driving the truck loaded with logs north on highway 20, near the village of Derry, Natchitoches Parish, *Page 708 
Louisiana. That he was driving at a slow and legal rate of speed when I.J. Baptiste, who was driving a truck owned by Charlie Thompson and who was in the said Thompson's employ, entered paved highway 20 from a lateral graveled road directly in front of plaintiffs' truck, thereby blocking the highway and forcing the driver of plaintiff's truck to turn onto the shoulder and into the ditch on the side of the highway in order to avoid a collision with defendants' truck and that in doing so, plaintiffs' truck was damaged. That it required repairs which cost plaintiffs $146.46; that they lost the use of the truck for 22 days and that the profit made by the truck was $5 per day.
Plaintiffs prayed for judgment in the amount of $256.46. They alleged the damage was caused by the gross negligence of defendants' truck driver and specifically set out the negligence as follows:
"(a) Negligence of said I.J. Baptiste, acting in scope of employment, in entering a main thoroughfare without stopping, looking and listening in order to observe whether or not any vehicle is approaching upon the highway 20, as is required by Act 21 of the 1932 Legislature of Louisiana.
"(b) That the said I.J. Baptiste was driving a truck pulling another truck driven by Charlie Thompson and that he drove the truck from a graveled lateral road upon a paved main thoroughfare in such a manner as to drive directly in front of the truck driven by petitioners' employee along said main thoroughfare.
"(c) That the truck driven by the said I.J. Baptiste was driven across the said highway from the south side toward the north side in such a manner that the said main highway was completely blocked and without looking either to his right or to his left to see if any vehicle was approaching.
"(d) That said acts of I.J. Baptiste, acting within the scope of his said employment and blocking of the said highway as hereinabove stated, created a sudden emergency whereby it was necessary for petitioners' driver, in order to avoid a head-on collision with the truck driven by the said Baptiste, to drive petitioners' truck off of the paved highway on the right hand side and into the ditch, thereby causing the damages hereinafter described to petitioners' truck.
"(e) That the negligent acts of I.J. Baptiste, while acting within the scope of said employment, hereinabove set forth, were the sole and proximate cause of the damages suffered by petitioners and as described herein."
In answer defendants denied all the material allegations of the petition and alleged:
"15. Further answering plaintiffs' petition, defendants show that on or about the 27th day of October, 1939, they were proceeding at an exceedingly slow rate of speed, from Derry, Louisiana, on a well traveled highway, going to Melrose, Louisiana. That the defendant, I.J. Baptiste, was driving a truck which was pulling another truck, being driven by the other defendant herein, Charlie Thompson. That upon approaching highway 20, the defendant Baptiste stopped his truck before entering upon said highway.
"16. That the defendant, I.J. Baptiste, looked up and down the highway in a careful manner and started to enter upon highway 20.
"17. That at that moment, Will Hilton, the driver of the log truck for petitioners, proceeding in a northerly direction toward Natchitoches, rounded the curve nearly 400 yards away from the intersection. The said Hilton was driving a truck loaded with logs and was driving at a rate of speed in excess of 60 miles an hour. That the said Hilton was driving through the unincorporated town of Derry in utter disregard of the rights and safety of others.
"18. Your defendants further show that the said I.J. Baptiste came to a complete stop. The front wheels of the truck were resting upon the pavement not more than two feet and were in no way blocking the highway.
"19. Defendant further states that one of the men on the back truck came upon the highway, was standing in front of the truck whose wheels were resting upon the highway and, upon noticing that the on-coming truck was not slackening its speed but was continuing at a very excessive rate, he thereupon waived his arms to give the driver of the log truck further notice to proceed in a cautious manner.
"20. Defendant further states that they had come to a complete stop upon the highway when the log truck was more than 300 yards away and that the driver of the log truck had sufficient time to stop his truck and avoid the accident, had he been proceeding in a sane and careful manner. *Page 709 
"21. Defendant further shows that the truck driven by the said Will Hilton had no brakes or that the brakes were so defective that they would not work.
"22. Defendants show that they were guilty of no negligence whatsoever and the sole and only cause of the accident was the negligence of the driver of the log truck in traveling at an excessive rate of speed, in not keeping a proper lookout, in not having his truck under proper control, and the negligence of the petitioners in not having equipped the truck with proper brakes.
"23. In the alternative, should this court find that the defendants were guilty of any negligence whatsoever, which they deny, then and in that event only, they show that the petitioners and their employee, Will Hilton, were guilty of contributory negligence in the following particulars, to-wit:
"(a) That the said Will Hilton was driving through the unincorporated town of Derry at a speed of greater than 60 miles an hour. That the speed limit of Derry is 25 miles an hour and that therefore the said Will Hilton was prima facie negligent.
"(b) That the said Hilton knew or should have known that there is considerable traffic in the town of Derry and particularly at this crossroad.
"(c) That Hilton was not keeping a proper lookout or he would have seen the truck of the defendants upon the highway when he was more than 300 yards away.
"(d) That the said Hilton did not have his car under proper control.
"(e) That petitioners were negligent in hiring a person known to be a reckless and careless driver.
"(f) That petitioners were negligent in not equipping their log truck with proper brakes.
"Because of the above mentioned acts of negligence of petitioners and their employee, which acts were the proximate cause of the accident, the petitioners are therefore barred from recovery.
"24. Defendants further pleading solely in the alternative, in the event this court should find them guilty of any negligence whatsoever, which they deny, then they plead that the driver of the log truck had the last clear chance of avoiding the accident and failing therein, is barred from recovery."
The lower court awarded judgment for the plaintiffs as prayed for and defendants are now prosecuting this appeal.
Plaintiffs' truck loaded with logs was driven in a northerly direction on highway 20. The accident occurred in the unincorporated village of Derry, just opposite the railway station. Defendants' truck, with a disabled truck attached, entered highway 20 at a time when plaintiffs' truck was several hundred yards away. It was the intention of defendants' truck driver to cross the highway but unfortunately the truck stalled before getting across. There is a wide divergence of opinion as to how far on the pavement defendants' truck was when it stalled. However, this is of no importance and, for the purpose of this decision, we can accept plaintiffs' version that it blocked the entire highway. The truck of defendants was standing still across the highway unable to be moved when plaintiffs' truck, according to their principal witness, was at least 150 yards away from the intersection. It was at that point that plaintiff's truck driver sounded his horn. Why he did not bring his truck to a stop in that distance is not explained. It certainly was a sufficient distance for him to have done so if he had made an effort, unless the speed he was traveling prevented it.
The record is convincing that plaintiffs' truck driver was traveling at a speed of not less than 50 miles per hour and most of the witnesses estimate his speed to have been even greater.
That plaintiffs' truck driver was violating the law as to speed cannot be doubted. The law applicable is laid down in Act No. 286 of 1938, § 3, rule 4 (c) 1 and 2, and is as follows:
"It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public roads, highways and bridges of this State, within or through any town or village not incorporated, at a greater rate of speed than twenty-five (25) miles per hour.
"It shall be unlawful to operate upon said public highways motor vehicles transporting property in commerce, of either a registered or actual Gross Weight, with or without load, of over three thousand (3000) pounds at a rate of speed in excess of forty (40) miles per hour, or within the corporate limits of any incorporated city or *Page 710 
any town or village not incorporated, at a rate of speed in excess of fifteen (15) miles per hour."
There was sufficient time and distance for plaintiffs' truck driver to have brought his truck to a standstill and to have avoided the accident had he been observing the law, and we are convinced that the sole cause of the accident and damage suffered by plaintiffs was due to the failure of their truck driver to observe the law above quoted and, therefore, plaintiffs cannot recover.
The judgment of the lower court is reversed and plaintiffs' demands are rejected, at their costs.